UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: )
)
RASHAMESKIA QUNTAMEKIA ) CASE NO. 13-03174-TOM-7
LA'ONTAYA MILLER, )
)
DEBTOR. )

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Debtor's Motion to Reopen Case. It appears that no notice and hearing is necessary for the resolution of this motion. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) (1994) and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A).[2] The Court has considered the motion and has taken judicial notice of the contents of the court file pursuant to Federal Rule of Evidence 201 and finds and concludes as follows.

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 16, 2013. On July 17, 2013, this Court issued a notice pursuant to Rule 2002(e) of the Federal Rules of Bankruptcy Procedure indicating that there appeared to be no assets available from which distributions could be made and directing creditors not to file a proof of claim unless they received

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. §157(b)(2)(A) provides as follows:

> (b)(2)Core proceedings include, but are not limited to–
> (A) matters concerning the administration of the estate[.]

a notice from the Court to do so. No notice to file claims was ever issued. The trustee filed his Final Report on August 20, 2013. An order discharging the Debtor from all dischargeable debts was entered on November 19, 2013. The case was closed on December 6, 2013.

On February 7, 2014, the Debtor filed a Motion to Reopen Case. In that motion, the Debtor requested that the case be reopened to amend the schedules to add two debts that preexisted the filing of the Chapter 7 case. Pursuant to 11 U.S.C. § 350(b), a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." The only stated reason for wanting to reopen the case was to amend the schedules to add the debt. Presumably, the Debtor is concerned that the debts were not discharged because of the failure to properly list them. The listing of a debt in the schedules is not a condition of its discharge under 11 U.S.C. § 727. That section provides that "a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief . . . ." 11 U.S.C. § 727(b). Nothing in § 727 prevents an unscheduled debt from being discharged. There is no indication that either the Debtor or the creditors wish to file an adversary proceeding regarding the dischargeability of the debts in question.

Therefore, the Court concludes that cause does not exist for the case to be reopened. Any debts which were dischargeable were discharged by the Court's order of November 19, 2013. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Motion to Reopen Case is DENIED.

Dated: February 12, 2014

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

xc: Debtor
Melinda Murphy Dionne
Cameron Alexander Walker
Alfa Mutual Insurance Company
Andre M. Toffel, Trustee
Bankruptcy Administrator